Justin Cilenti, Esq.
Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ADAN JAVIER ROJAS, | Case No.: 19 CV 6765 |
| Plaintiff, | **COMPLAINT in an** |
| -against- | **FLSA ACTION** |
| TRIPOLI GOURMET CORP., *doing business as* SWALLOW CAFE, and NASSIM SALEM and SALEH SALEM, individually, | ECF Case |
| Defendants. | |

---

Plaintiff, Adan Javier Rojas ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Tripoli Gourmet Corp., *doing business as* Swallow Cafe, (herein, "Swallow Cafe"); or any predecessor or successor business entity doing business as Swallow Cafe, located at 156 Atlantic Avenue, Brooklyn, New York, 11201; and Nassim Salem and Saleh Salem, individually (all defendants collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid

wages, minimum wages, and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) unpaid "spread of hours" premiums for each day he worked more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and, 1337, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

### *THE PLAINTIFF*

5. Plaintiff is an adult resident of Kings County, New York.

6. Plaintiff was an employee of Tripoli Gourmet Corp., doing business as Swallow Cafe, in Kings County, New York, beginning on or about August 23, 2015 through August 20, 2019, without interruption.

### *THE DEFENDANTS*

7. At relevant times, Defendant, Tripoli Gourmet Corp., *dba* Swallow Cafe, was and is a domestic business entity organized and existing under the laws of the State of New York, doing business as Swallow Cafe, located at 156 Atlantic Avenue, Brooklyn, New York 11201.

8. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

9. Defendant Nassim Salem an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendant Tripoli Gourmet Corp., who actively participated, and continues to participate in the day-to-day operations of the corporate defendant, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Tripoli Gourmet Corp.

10. Defendant Saleh Salem is an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendant Tripoli Gourmet Corp., who actively participated, and continues to participate in the day-to-day operations of the corporate defendant, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Tripoli Gourmet Corp.

11. The individual defendants both exercised control over the terms and conditions of Plaintiff's employment in that they had and have to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of the employees' employment.

12. Defendant, Nassim Salem, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the

amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

13. Defendant, Saleh Salem, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

14. Defendant Nassim Salem exercised sufficient control over Swallow Cafe's day-to-day operations as to be considered an employer of Plaintiff and other similarly situated employees, under the FLSA and New York Labor Law.

15. Defendant Saleh Salem exercised sufficient control over Swallow Cafe's day-to-day operations as to be considered an employer of Plaintiff and other similarly situated employees, under the FLSA and New York Labor Law.

16. Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendant, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

17. At all relevant times, Swallow Cafe was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

18. At relevant times, Defendant Swallow Cafe had an annual gross volume of sales in excess of $500,000.

19. Defendants employed Plaintiff in Kings County, New York, as a cook and food preparer / general helper.

20. The work performed by Plaintiff was directly essential to the restaurant business operated by the corporate and individual Defendants.

21. At relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

22. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

23. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

## STATEMENT OF FACTS

24. Plaintiff, Adan Javier Rojas, was employed by Defendants in Kings County, New York, as a cook / food preparer and general helper, at Defendants' restaurant/cafe known as "Swallow Cafe", beginning in August 2015, through August 20, 2019.

25. During his employment, Plaintiff Adan Javier Rojas worked over forty (40) hours per week.

26. During his employment, Plaintiff Adan Javier Rojas worked six (6) days per week. He normally worked 7:00 a.m. to 4:00 p.m.; on Mondays, he worked 7:00 a.m. to 6:00 p.m. His day off was Thursdays.

27. Plaintiff worked nine (9) hours per shift and eleven (11) hours on Mondays, for a total of fifty-six (56) hours per week.

28. Plaintiff was not a tipped employee.

29. During August 2018 through the end of his employment in August 2019, Plaintiff was paid at an hourly rate of $14.00 per hour.

30. During August 2017 through August 2018, Plaintiff was paid at an hourly rate of $13.00 per hour.

31. During August 2016 through August 2017, Plaintiff was paid at an hourly rate of $12.00 per hour.

32. During August 2015 through August 2016, Plaintiff was paid at an hourly rate of $11.00 per hour.

33. Plaintiff was paid "off the books", in cash, and he worked directly for the corporate and individual Defendants.

34. Plaintiff was not paid wages for all hours worked, or overtime compensation.

35. At all times throughout his employment, work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate of pay as required by state and federal law.

36. Plaintiff was not provided with a true and accurate wage statement, detailing his hours worked, his hourly rate of pay, the basis for his compensation, itemizing any withholdings, and setting forth his net pay. He was required to sign a sheet which he did not understand, and which did not accurately provide an accounting of his hours and pay.

37. At all times relevant to this action, Plaintiff was paid his wages by cash.

38. Plaintiff was not provided a "wage statement" or pay stub with his weekly compensation.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

39. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "38" of this Complaint as if fully set forth herein.

40. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

42. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

43. Plaintiff worked hours for which he was not paid any wages.

44. At all relevant times, Defendants had a policy and practice of refusing to pay minimum wages to Plaintiff, at times during his employment.

45. Plaintiff was entitled to be paid at the rate of time and one-half the minimum rate (or his regular hourly rate, where higher than the applicable minimum wage) for all hours worked in excess of forty (40) each workweek.

46. The Defendants failed to pay Plaintiff wages for all hours worked, minimum wages at times, and at all relevant times, overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

47. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half

to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

48. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiffs.

49. The Defendants have failed to make, keep and preserve accurate records with respect to Plaintiff and other employees, sufficient to determine the wages, hours and other conditions and practices of employment, in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

50. Records concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff may be false or inaccurate.

51. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

52. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

53. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

54. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

55. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "54" of this Complaint as if fully set forth herein.

56. At all relevant times Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

57. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for all hours worked.

58. The corporate and individual Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at rates of not less than one and one-half times the minimum rate of pay (or his regular rate of pay, when higher), for each hour worked in excess of forty (40) hours in a workweek.

59. Each of the Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked in excess of ten (10) pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4. This occurred six (6) shifts per week.

60. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

61. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "60" of this Complaint as if fully set forth herein.

62. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

63. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

64. Defendants did not provide Plaintiff, with an accurate written statement properly accounting for his actual hours worked, and setting forth his true hourly rate of pay, regular wages, and/or overtime wages.

65. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

66. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

67. Plaintiff was not provided with true and accurate wage statements as required by law.

68. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

69. As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiff may recover damages of one hundred dollars for each work week Defendants failed to provide Plaintiff with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

70. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages, minimum wages, and overtime due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(c) An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(d) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
December 2, 2019

Respectfully submitted,

CILENTI & COOPER, PLLC
**Counsel for Plaintiff**
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile   (212) 209-7102
pcooper@jcpclaw.com

By: _____
Peter Hans Cooper  (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:   Nassim Salem

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Adan Javier Rojas intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Tripoli Gourmet Corp., for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       December 2, 2019

Respectfully submitted,

By:  _____
     Peter H. Cooper  (PHC 4714)
CILENTI & COOPER, PLLC
**Counsel for Plaintiff**
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To: Saleh Salem

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Adan Javier Rojas intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Tripoli Gourmet Corp., for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
December 2, 2019

Respectfully submitted,

By: _____
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
**Counsel for Plaintiff**
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, __Adan Javier Rojas__, am an employee currently or formerly employed by __Swallow Cafe__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__October 21__, 2019

_[signature]_